IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION


UNITED STATES OF AMERICA


VERSUS                                        CRIMINAL ACTION NO. 1:00cr38WJG-JMR-1
                                              CIVIL ACTION NO. 1:04cv726WJG-JMR


ISIAH AMBO


O R D E R


This cause comes before the Court on Defendant Isiah Ambo's  motions to vacate and set

aside or correct his previously imposed sentence [124-1, 153-1], and to clarify the motion to

vacate [155-1] pursuant to 28 U.S.C. § 2255.  Also pending before the Court are Ambo's

associated motions for evidentiary hearing [140-1] and for appointment of counsel [142-1], for

discovery and to produce documents [144-1], to compel the United States of America [United

States] to respond to a motion [145-1], to compel the production of a video tape [146-1] and a

motion by the United States to extend time to respond [130-1].

According to his first *habeas corpus* petition filed on September 20, 2004, Ambo

contends, among other things, that his attorneys, Donald Rafferty, counsel at arraignment and

plea, and Donald Smith, trial counsel, were ineffective.  (Ct. R., Doc. 124, p. 1.)  In addition, he

claims there was a conflict of interest between himself and both attorneys which allegedly

adversely affected the outcome of this case.  (*Id*., p. 2.)  Ambo further claims that his attorneys

were ineffective for failing to advise him of the consequences of his refusal to enter a guilty plea,

failing to move to dismiss the superseding indictment in this case, misrepresenting the terms of

the plea offer, assuring him he would win at trial, withholding a videotape, failing to object to the admission of certain evidence and to the Court's answer to several jury notes, failure to ask the Court to make a factual finding that the verdict included only the charge of less than five grams for sentencing purposes, failure to object to the Presentence Report [PSR] which provided for an increase in Ambo's base level offense by two levels based on Ambo's leadership role in the organization, and further contends that both the Court and the Assistant United States Attorney [AUSA] had *ex parte* contact with the jury prior to the verdict being reached.  (*Id.*, pp. 3-6.)

Ambo was charged in three count indictment on May 3, 2000, along with co-defendants Raymond Alexander and Sam Barnes, with conspiracy to possess with intent to distribute in excess of 5 grams but less than 50 grams of cocaine base, commonly known as "crack" beginning on November 1, 1999, and continuing to the date of the indictment in Count 1; aiding and abetting the same endeavor with the same co-defendants in Count 2; and with criminal forfeiture in Count 3.  (Ct. R., Doc. 2.)  Barnes entered a plea of guilty to Count 1 of the indictment on August 2, 2000.  (Ct. R., Doc. 39.)  Alexander entered a plea of guilty to Count 1 of the indictment on August 24, 2000.  (Ct. R., Doc. 45.)

On September 13, 2000, a superseding indictment was entered against Ambo, charging him in a three-count indictment with conspiracy to possess with intent to distribute in excess of 50 grams of cocaine base, beginning in 1995 and continuing up to May 3, 2000, in Count 1; knowing and intentional possession with intent to distribute in excess of 5 grams but not less than 50 grams of cocaine base, being aided and abetted by others in Count 2; and with criminal forfeiture in Count 3.  (Ct. R., Doc. 47.)  The jury found him guilty of Count 1 of the indictment on May 10, 2001, but could not reach an agreement concerning the amount of cocaine base to attribute to him.  (Ct. R., Doc. 85.)

Ambo appealed his conviction, claiming that the jury was coerced and that a directed verdict of guilt was presented by the use of a supplemental jury instruction. *United States v. Ambo*, 64 Fed. App'x 416 (5th Cir. 2003), *cert. denied* 540 U.S. 920. He also maintained that the Court should have granted a mistrial when the jury indicated it was having difficulty reaching a verdict. *Id.* He argued that under *Apprendi v. New Jersey*, 530 U.S. 466, the jury was required to unanimously agree on a drug quantity or his conviction was invalid. *Ambo*, 64 Fed. App'x at 416. The conviction was upheld and Ambo's arguments were denied. (*Id.*)

The United States' response to Ambo's motion to vacate argues that Ambo has not met the requisite standard for showing ineffective assistance of counsel. (Ct. R., Doc. 133, p. 3.) The superceding indictment is an extension of the original indictment and is not required to be returned within 30 days of the original arrest, according to the United States. (*Id.*) No AUSA entered the jury room during its deliberations, and would be prevented from doing so by Court Security Officers. (*Id.*, p. 4.) The United States asserts that each time the issue of a hung jury came up during trial, the defense moved for a mistrial, rendering Ambo's arguments of ineffective assistance of counsel on these grounds without merit. (*Id.*)

I.     Issues Raised on Appeal

Ambo claimed that a great deal of the record was not provided for appeal; that he was denied transcripts of discussions between his attorney, the Court and the prosecutor regarding jury notes: that he was deprived of his right to be present at all critical stages of the proceeding when he was excluded from *in camera* discussions concerning jury notes; that his trial counsel was ineffective for failing to object to the alleged directed verdict and not asking for a jury poll; that his offense level was erroneously increased by two levels for his leadership role in the offense; and that under *Apprendi*, the Court incorrectly found the relevant conduct drug quantity

for the offense was 772.5 grams.  *United States v. Ambo*,  2003 WL 1524540, *1 (5th Cir. 2003), *cert. denied* 540 U.S. 920.  None of these arguments were found to have merit by the Court of Appeals, and that Court affirmed his conviction.  (*Id*.)

Claims that were raised and rejected on direct appeal are barred from federal *habeas* review. *United States v. Rocha*, 109 F.3d 225, 229 (5th Cir. 1997), *cert. denied* 537 U.S. 1212 (2003).  Therefore,  Ambo's assertions regarding Smith's alleged ineffective assistance of counsel in conjunction with his alleged failure to object to the use of the supplemental jury instruction; that Smith did not ask for a mistrial on the partial verdict or poll the jury; that Smith failed to object to the increase in the baseline offense level based on the quantity of drugs attributed to him or to Ambo's assignment of a leadership role in the offense were all denied on appeal.  *United States v. Ambo*, 64 Fed.App'x 416.  Accordingly, this Court finds that none of these claims are cognizable in Ambo's *habeas* petition.

## II.    Claim of Ineffective Assistance of Counsel

A defendant can waive his right to file a motion pursuant to 28 U.S.C. § 2255; however, that waiver may not necessarily apply to a claim of ineffective assistance of counsel.  *United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994.)  Ambo's claim of ineffective assistance of counsel can be proven by showing:  (1) that Rafferty's or Smith's performance was deficient, and (2) the deficient performance prejudiced his defense.  *Strickland*, 466 U.S. at 687; *United States v. Seyfert*, 67 F.3d 544, 547 (5th Cir. 1995).  A petitioner must meet both prongs of the *Strickland* test to succeed.  *See Strickland*, 466 U.S. at 687.  Prejudice is proven in a non-capital sentencing proceeding when a defendant establishes that, but for the deficient performance of counsel, his sentence would have been significantly less harsh.  *United States v. Acklen,* 47 F.3d 739, 742 (5th Cir. 1995), *cert. denied* 519 U.S. 1142 (1997).  In determining whether a counsel's

-4-

performance was deficient, the Court must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that under the circumstances, the challenged action 'might be considered sound trial strategy.'"  *Strickland*, 466 U.S. at 689.  The Court will examine Ambo's allegations regarding each attorney's performance separately.

  A. <u>Allegations Regarding Rafferty's Performance</u>

  According to Ambo, Rafferty was ineffective because he allegedly told Ambo not to enter a plea to the charges against him while he advised his other client, Thaddeus Williams, to plea and testify against Ambo.  (Ct. R., Doc. 124, p. 2.)  Ambo claims that Rafferty had a different copy of the video tape used against him in evidence which would exonerate him of the charges, but Rafferty refused to give Ambo a copy of that tape.  (*Id*., p. 3.)  Ambo asserts that neither Rafferty nor Smith conveyed the United States' plea offer which stipulated to a drug quantity of 23.5 grams of cocaine base.  (*Id*.)  Ambo also alleges that neither Rafferty nor Smith moved to dismiss the superceding indictment filed against Ambo.  (*Id*.)

  According to Rafferty, he represented Ambo until he was allowed to withdraw his representation following the revelation that some of his other clients would be testifying against Ambo.  (Ct. R., Doc. 128, p. 1.)  Rafferty avers that he conveyed the terms of a potential Memorandum of Understanding [MOU] to Ambo, which Ambo refused to accept.  (*Id*.)  Rafferty had Ambo sign an acknowledgment, dated February 6, 2001, that Ambo was offered a plea bargain in this case in which the United States agreed to allow him to plea to one count of the superceding indictment and that Ambo decided not to accept the plea bargain.  (*Id*., Exh. C.)  Ambo also acknowledged that Rafferty reviewed the evidence and the potential sentence Ambo

would face if convicted of the charge.  (*Id*.)  Rafferty denies having advised Ambo not to plea because Ambo would win at trial.  (Ct. R., Doc. 128, p. 1.)

On October 24, 2000, Rafferty had Ambo sign an acknowledgment that Ambo was aware that Rafferty represented Barnes and Clifton Wilkerson, and that those individuals may be used as witnesses against Ambo.  (*Id*., Exh. A.)  On February 8, 2001, Rafferty sent Ambo a letter in which Rafferty disclosed that Thaddeus Williams was contacted to be a witness against Ambo at Ambo's trial.  (*Id*., Exh. D.)  Ambo was given the option of proceeding to trial with Rafferty as his attorney and waiving any conflict of interest which may be present or seeking new counsel. (*Id*.)  Rafferty was then allowed to withdraw.  (Ct. R., Doc. 67.)

Rafferty denied having withheld evidence from Ambo, and denied that there was an unaltered version of a video tape recording.  (Ct. R., Doc. 128, p. 2.)  Rafferty averred that Ambo related his involvement in the conspiracy to Rafferty during a meeting between the two.  (*Id*.)

B.    Allegations Regarding Smith's Performance

Ambo asserts that Smith was ineffective because Smith should have called Rafferty to get a copy of the unaltered video tape at the time Smith undertook Ambo's representation.  (Ct. R., Doc. 124, p. 4.)  He contends that Smith did not object to hearsay statements allegedly made by witness Jerome McGee which deprived Ambo of his Sixth Amendment right to confrontation. (*Id*.)  Ambo contends that Smith did not have all jury communications read in open court or transcribed.  (*Id*.)  He claims that Smith did not object to any of the jury notes on the record. (*Id*.)

Smith submitted an affidavit in response to Ambo's assertions regarding his performance in which Smith denied that Ambo was not allowed to attend in chambers discussions regarding jury notes received during jury deliberations.  (Ct. R., Doc. 132, p. 2.)  Smith also stated that

Ambo was not interested in considering a plea and that discussions were held with Ambo concerning witnesses that might testify on behalf of the United States and their impact at trial, as well as the elements of the crimes charged against Ambo.  (*Id*.)

Smith investigated and could not confirm that another video existed and stated that Ambo never asked that Rafferty or Melvin Cooper, Ambo's initial court-appointed attorney, be subpoenaed as witnesses.  (*Id*.)  Smith denied Ambo's allegation that Rafferty provided Smith with trial strategies or advice.  (*Id*., p. 3.)  Smith stated he was not aware of any *ex parte* communications between the Court and the jury and had no reason to believe that these encounters took place.  (*Id*.)

To establish grounds for relief on claims of ineffective assistance of counsel in connection with Ambo's arguments concerning his attorneys, he must establish that there is a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different.  *Strickland*, 466 U.S. at 688; *see Magnum v. Hargett,* 67 F.3d 80, 86 (5th Cir. 1995), *cert. denied* 516 U.S. 1133 (1996).  To establish ineffective assistance of counsel, Ambo must first show that the attorneys' performed deficiently.  *Wiggins v. Smith*, 539 U.S. 510, 521 (2003); *Strickland,,* 466 U.S. at 687.  Deficient performance is shown when a petitioner demonstrates that counsel's representation "fell below an objective standard of reasonableness."  *Wiggins,* 539 U.S. at 521.

In addition Ambo must show that there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome."  *Strickland,* 466 U.S. at 694.  To establish ineffective assistance of counsel, Ambo must demonstrate both deficient performance and prejudice resulting from that deficiency; a failure to establish either

element is fatal to the claim.  *See Strickland,* 466 U.S. at 687; *Green v. Johnson*, 116 F.3d 1115, 1121-2  (5th Cir. 1997).  Unfortunately for Ambo, the record establishes anything but this standard.

"An actual conflict of interest exists if counsel's introduction of probative evidence or plausible arguments that would significantly benefit one defendant would damage the defense of another defendant whom the same counsel is representing."  *United States v. Rico*, 51 F.3d 495, 509 (5th Cir. 1995), *cert. denied* 516 U.S. 883.  Joint representation by itself does not necessarily create a conflict of interest.  *United States v. Salado*, 339 F.3d 285, 291 (5th Cir. 2003).  Ambo has not established that a conflict of interest was present in Rafferty's representation of him. When the client was aware of the previous relationship, we have denied such claims of conflict of interest lack merit in the absence of a clear showing of prejudice.  *Harrison v. United States*, 387 F.2d 614, 615 (5th Cir. 1968).  Furthermore, Rafferty did not represent two clients with conflicting interests at the same time.  *United States v. Bringier*, 405 F.3d 310, 314 (5th Cir. 2005), *cert. denied* ___ U.S. ___, 126 S.Ct. 264.  When a conflict arose, Ambo was given the opportunity to find new counsel.  The Court finds Ambo's claims regarding any alleged conflict of interest in Rafferty's representation is without merit.

Ambo contends that neither Rafferty nor Smith conveyed a plea offer to him.  Both attorneys refute this statement; Rafferty even included a signed statement from Ambo that Ambo chose to reject the offer.  To assess the counsel's performance or conduct during the pleading phase, the United States Supreme Court has held that courts must apply the *Strickland* test.  *Hill v. Lockhart,* 474 U.S. 52, 57-8 (1985); *Strickland,* 466 U.S. at 668.  Ambo must show the same two elements to prevail on his claim of ineffective assistance of counsel during the plea negotiation stage; that.  *Strickland,* 466 U.S. at 687-8.  The Court evaluates "the reasonableness

-8-

of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." *Id* . at 690.

One of the most important duties of an attorney representing a criminal defendant is advising the defendant whether he should plead guilty. *United States v. Herrera*, 412 F.3d 577, 580 (5th Cir. 2005). A defendant must not merely be informed of the proposed agreement, but must also be involved in the decision to accept or reject the proffered agreement. The evidence in this case reflects that Ambo was informed of the possibility of a plea agreement and decided to reject the offer and proceed to trial. The Court further concludes there is no merit to Ambo's contentions that either Rafferty's or Smith's performance regarding the plea offer met the *Strickland* standards.

Several of the allegations raised against Smith by Ambo in this petition were addressed on appeal and completely lack merit. The issues raised against Smith concerning the video tape and McGee's testimony will be addressed below in separate sections.

III.    Allegations Regarding Jury Communications

Federal Rule of Criminal Procedure 43 guarantees a defendant the right to be present at every stage of the trial.  That right requires that "[w]hen a communication is received from the jury, counsel should be informed of its substance and afforded an opportunity to be heard before a supplemental charge is given."  *United States v. McDuffie,* 542 F.2d 236, 241 (5th Cir. 1976). The district court should obtain the views of counsel before giving a supplementary instruction, should require communications from the jury to be in writing or made in open court, and should preserve written questions as part of the record.  *See, e.g., United States v. Bascaro,* 742 F.2d 1335, 1355 (11th Cir. 1984); *United States v. Johnpoll,* 739 F.2d 702, 710-1 (2nd Cir. 1984); *McDuffie,* 542 F.2d at 240-1.  These procedures were followed in this case.  Each of the several notes were discussed with the AUSA and Smith before an answer was provided, as required.  *See United States v. Sylvester*, 143 F.3d 923, 929 (5th Cir. 1998).  The Court finds no basis for providing habeas relief in the allegations advanced by Ambo regarding the jury notes.  *See United States v. Duvall*, 846 F.2d 966, 976 (5th Cir. 1988); *United States v. Bieganowski*, 313 F.3d 264, 293-4 (5th Cir. 2002), *cert. denied* 538 U.S. 1014 (2003).  The Court further finds no merit to Ambo's attempt to attack either attorney's professional competence in connection with the jury notes.

IV.    Allegations of *Ex Parte* Communication

Ambo contends that the AUSA and the Court had *ex parte* communication with the jury during its deliberation.  There is no affirmative evidence other than Ambo's speculation and conjecture, that such communication occurred.  The Court finds that this allegation is completely meritless and is not grounds for granting *habeas* relief in this case.  *See United States v. Peters*, 349 F.3d 842, 846-7 (5th Cir. 2003).

-10-

V.      Allegations Regarding a Sixth Amendment Right to Confront Jerome McGee

"[T]he right of cross-examination is included in the right of an accused in a criminal case to confront the witnesses against him secured by the Sixth Amendment." *Bruton v. United States,* 391 U.S. 123, 126 (1968).  Ambo objected to the introduction of a video tape which purported to show a confidential informant, Jerome McGee, making a cocaine buy using $1,000 in marked funds supplied by the Drug Enforcement Administration [DEA].  (Trial Tr., pp. 114-117.)  Several other witnesses testified about the video tape, including Barnes and Alexander, who participated in the sale discussed on the video tape.  (Trial. Tr., pp. 139-196.)  Ambo's attorney cross-examined each of these witnesses.  (*Id.*)

There is no evidence in this case that McGee was offered as a witness in this case.  (Tr. Trans.)  Even if McGee could be considered a witness, recordings made of conversations between an unavailable informant do not violate the Sixth Amendment confrontation clause if the tapes are supported by adequate indicia of reliability.  *United States v. Cheramie*, 51 F.3d 538, 540-1 (5th Cir. 1995).  In this case, there were numerous other witnesses, including individuals that were also part of the video recording, that testified to the events depicted in the video.  In addition, Ambo had sufficient opportunity to cross-examine those witnesses to disprove the events depicted in the tape.  The Court concludes that there was no violation of the Confrontation Clause in the use of the video tape which included McGee.  *United States v. Dixon*, 132 F.3d 192, 198 (5th Cir. 1997), *cert. denied* 523 U.S. 1096 (1998).  The Court further concludes that there is no basis for allegations of ineffective assistance of counsel surrounding the use of the video tape which included McGee.

Even if there was a violation, the overall strength of the case against Ambo rendered any error in admitting the videotape at trial was harmless beyond a reasonable doubt. *See United States v. Aguilar-Tamayo*, 300 F.3d 562, 567 (5th Cir. 2002).

VI.    Allegations Regarding the Superceding Indictment

Ambo contends that both Rafferty and Smith provided ineffective assistance of counsel when they did not move to dismiss the superceding indictment filed against him on the grounds that the United States had the evidence for the charges in the indictment at the time of the original indictment. (Ct. R., Doc. 124, pp. 3, 17.) Ambo contends that the indictment violated 18 U.S.C. § 3161(b). (*Id*., p. 17.) The statute provides as follows:

> **(b)** Any information or indictment charging an individual with the commission of an offense shall be filed within thirty days from the date on which such individual was arrested or served with a summons in connection with such charges. If an individual has been charged with a felony in a district in which no grand jury has been in session during such thirty-day period, the period of time for filing of the indictment shall be extended an additional thirty days.

18 U.S.C. § 3161(b).

The original indictment, charging the defendants with conspiracy and aiding and abetting the possession with intent to distribute 5-50 grams of crack cocaine and a forfeiture count in this case was filed against Ambo on May 3, 2000. (Ct. R., Doc. 2.) The superceding indictment was filed on September 13, 2000. (Ct. R., Doc. 47.)

Filing a superseding indictment more than 30 days after an earlier indictment which was predicated on the same acts does not violate Speedy Trial Act. *See United States v. Perez*, 217 F.3d 323, 329 (5th Cir. 2000), *quoting United States v. Castellano*, 848 F.2d 63, 65 (5th Cir. 1988). Accordingly, there would be no reason for either attorney to move to dismiss the superceding indictment. The Court concludes that there is no basis for habeas relief for alleged

ineffective assistance of counsel in connection with the superceding indictment as argued by Ambo.

VII.    Allegations Regarding the Allegedly Unaltered Videotape

Ambo contends that Smith and Rafferty provided ineffective assistance of counsel because Ambo contends that Rafferty had a copy of a videotape, identical in all respects with the exception of one portion of the tape to a video tape played during his trial.  (Ct. R., Doc. 124, pp. 3-4.)  He claims Rafferty refused to give him a copy of the tape, and that Smith erred in not calling Rafferty to ask him to provide a copy of the tape to Ambo.  (*Id.*, pp. 10, 18-21.)  Smith averred that he was never able to confirm that a different video existed although he made several inquiries about its existence.  (Ct. R., Doc. 132, p. 2.)  Counsel's alleged failure to find or produce a video tape which cannot be verified to exist does not cause his performance to fall below an objective level of reasonableness.  *See Green v. Johnson,* 160 F.3d 1029, 1037 (5th Cir. 1998), *cert. denied* 525 U.S. 1174 (1999).

In summary, the Court concludes that Ambo fails to meet the first prong of *Strickland* in this claim, and has not shown that either attorney's performance was deficient.  In determining whether a counsel's performance was deficient, the Court must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that under the circumstances, the challenged action 'might be considered sound trial strategy.'"  *Strickland*, 466 U.S. at 689.  The Court further finds no reason to conclude that "but for" their performance and advice Ambo was convicted of a crime for which he had no involvement.  In light of these findings, the Court fails to find any evidence in the record supporting Ambo's contentions regarding their performance. *See Coleman v. Thompson*, 501 U.S. 722 (1991); *United States v. Shaid*, 937 F.2d  228 (5th Cir.

1991), *cert. denied* 502 U.S. 1076 (1992).  The Court concludes that there are no valid grounds

for *habeas* relief in Ambo's challenge that he received ineffective assistance of counsel by either

Rafferty or Smith, and concludes that the motion to vacate should be denied.

VIII.   Motion to Amend Based on *Booker/Blakely*

Ambo seeks to clarify and amend his motion for *habeas* relief based on *United States v.*

*Booker,*[1] and *Blakely v. Washington*[2].  Ambo's argument in this regard is foreclosed by both

*United States v. Gentry,* 432 F.3d 600, 605 (5th Cir. 2005), and *In re Elwood,* 408 F.3d 211, 212-

13 (5th Cir. 2005) (*per curiam*), which hold that the *Blakely/ Booker* line of cases do not apply

retroactively to cases on collateral review.  The Court, therefore, concludes that Ambo's motions

to clarify and amend his motion to vacate based on *Blakely/ Booker* lack merit and should be

denied.  *United States v. Edwards*, 442 F.3d 258, 268 (5th Cir. 2006).

IX.    Evidentiary Hearing

Ambo seeks an evidentiary hearing on his claims.  A motion brought under 28 U.S.C. §

2255 may be denied without a hearing if the motion, the files, and the records of the case

conclusively show that the prisoner is entitled to no relief.  *See United States v. Bartholomew,*

974 F.2d 39, 41 (5th Cir. 1992) (*per curiam*) (citing *United States v. Auten,* 632 F.2d 478 (5th

Cir. 1980)).  Here, the record is more than adequate to determine the merit of Ambo's

allegations.  The Court, therefore, concludes that Ambo's motion for an evidentiary hearing

should be denied.  *United States v. Cervantes*, 132 F.3d 1106, 1111 (5th Cir. 1998).

---

[1]543 U.S. 220 (2005).

[2]542 U.S. 296 (2004)

In addition, because the claims lack merit, the Court finds that Ambo's motion for appointment of counsel should also be denied.  *See* 18 U.S.C. § 3006A(a)(2); *United States v. Preston*, 209 F.3d 783, 785 (5th Cir. 2000).  The Court further concludes that Ambo's subsequent motions to vacate and to clarify should be denied as moot.  Finally, the Court finds that the United States' motion for additional time to respond to the motion to vacate should also be denied as moot.  It is therefore,

ORDERED AND ADJUDGED that Ambo's motions to vacate [124-1, 153-1, 155-1] the previously imposed sentence be, and are hereby, denied.  It is further,

ORDERED AND ADJUDGED that Ambo's motion for an evidentiary hearing [140-1] be, and is hereby, denied.  It is further,

ORDERED AND ADJUDGED that Ambo's motion for appointment of counsel [142-1] be, and is hereby, denied.  It is further,

ORDERED AND ADJUDGED that the motions for discovery [144-1], to compel the United States to respond [145-1], to compel the production of a video tape [146-1] and the motion by the United States to extend time to respond [130-1] be, and are hereby, denied.  It is further,

ORDERED AND ADJUDGED that this cause be dismissed with prejudice.

SO ORDERED AND ADJUDGED this the 26th day of September, 2006.


_____*Walter J. Gex III*_____
UNITED STATES SENIOR DISTRICT JUDGE